UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              **REDACTED**
                                              **DECISION AND ORDER**

v.                                               Case No. 1:23-cr-99-EAW-JJM

FRANK KNIGHT,
               Defendant.

---

        In accordance with my August 21, 2025 Decision and Order [566][1], I have completed my *in camera* review of the grand jury materials to determine whether there was arguably misconduct by the government in connection with the Second Superseding Indictment's allegations that "[o]n August 3, 2023, [defendant Frank] **KNIGHT** made false and misleading statements to the FBI, including that [codefendant Howard] **HINKLE** [Jr.] had not been present at the July 27, 2023 poker game that **KNIGHT** had organized and that [codefendant Simon] **GOGOLACK** and Crystal Quinn had attended" ([24] at 23, ¶60), and that "[o]n or about August 3, 2023, in the Western District of New York, the defendant, **FRANK KNIGHT**, in a matter within the jurisdiction of the executive branch of the United States, did willfully, and knowingly make materially false, fictitious, and fraudulent statements and representations to special agents of the Federal Bureau of Investigation, in that the defendant stated that **HOWARD HINKLE, JR**. was not at a poker game in Wellsville attended by Crystal Quinn on July 27, 2023, and that he did not think **HINKLE** was at the poker game, when in truth and in fact, and as defendant **FRANK KNIGHT** then and there well knew, **HOWARD HINKLE, JR**. was at a poker game

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

in Wellsville attended by Crystal Quinn on July 27, 2023. All in violation of Title 18, United States Code, Section 1001(a)(2)". Id., Count 5.

For the following reasons, I conclude that the government did not mislead the grand jury or otherwise engage in misconduct in regard to those allegations. Therefore, Knight's motion for inspection of the grand jury materials [455] is denied.

## DISCUSSION

"Context matters, as some actions may take on more or less significance depending on the context." Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011). Although Knight's references to the transcript of his August 3, 2023 FBI interview (Donohue Affirmation [455], ¶14) persuaded me that further inquiry was warranted, after reviewing the grand jury proceedings I now see things in a different light. Portions of the following discussion will be redacted from the publicly filed version of this Decision and Order, as it deals in detail with grand jury materials.

[redacted]

-3-



Count 5 of the Second Superseding Indictment alleges that Knight's August 3, 2023 FBI interview violated 18 U.S.C. §1001(a)(2), which relates to "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation". "Under §1001, a statement is material if it has a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was

addressed . . . or if it is capable of distracting government investigators' attention away from a critical matter." United States v. Adekanbi, 675 F.3d 178, 182 (2d Cir. 2012).

Based on the evidence submitted to it, I conclude that the grand jury was not misled by the government, and could reasonably have found probable cause to believe that Knight's initial statement to Special Agent Penna that he did not believe that Hinkle was at the July 27 poker game was intentionally false and "material" to the investigation, notwithstanding the fact that he corrected that statement several minutes later.

## CONCLUSION

For the reasons discussed, Knight's motion for leave to inspect grand jury material [455] is denied.

Dated: August 27, 2025

      /s/   Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge