UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

               Plaintiff,         OBJECTIONS TO MAGISTRATE'S
                                       REPORT OF Aug. 27, 2025 [585]

v.

FRANK KNIGHT,                       Case no.: 23-cr-099

               Defendant.

STATE OF NEW YORK :
COUNTY OF ERIE     : ss:

       BARRY J. DONOHUE, an attorney authorized to practice before this Court and licensed to practice law in the Courts of this State, affirms under penalty of perjury as follows:

       1. I am attorney for defendant FRANK KNIGHT and make this affirmation for the purpose of objecting to Hon. Jeremiah McCarthy's Decision and Order of August 27, 2025 [585] denying production of Grand Jury minutes concerning an allegation in the indictment that FRANK KNIGHT lied about HOWARD HINKLES's presence at a July 27, 2023 card game.

       2. These objections are timely. F.R.Cr.P. 59 (a) ("A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record.")

       3. The district judge must modify or set aside any part of the order that is contrary to law or clearly erroneous. F.R.Cr.P. 59 (a)

       4. The specific matters to which the party objects and the manner in which it is claimed that the order is clearly erroneous or contrary to law shall be clearly set out in the objections.

1

Local Rule 59 (c)(1).

5. As a matter of prudence the court is not required to, but may, consider arguments or legal support not advanced below. See *Yee v. City of Escondido, California*, 503 U.S. 519 (1992); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 697 F.3d 154 (2nd Cir. 2012) ("Plaintiffs argue that we should disregard Defendants' reliance on the IATCA because those arguments were not raised below. There is no new argument; the IATCA is additional support for Defendants' position. 'Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below.'")

6. The motion, response, and reply may be found at docket entries 455, 468, 478 respectively. Objection is made to the order denying disclosure of the grand jury minutes. [585].

7. August 20, 2025 [565] after appearing before your honor the parties went downstairs to Hon. McCarthy's courtroom to argue, among other things, whether minutes of the grand jury proceedings involving FRANK KNIGHT should be disclosed to FRANK KNIGHT's attorneys. The undersigned consented to direct communication from the government to the Court for the sole purpose of directing the Court to the pertinent parts of the grand jury minutes that would most likely guide the Court in its assessment of the issue. The consent was not intended to afford the government an extra opportunity to argue its position. But that is apparently what happened.

7. The indictment against FRANK KNIGHT contains two iterations about whether he lied to the FBI about whether HOWARD HINKLE was present at a July 27, 2025 card game that was also attended by Crystal Quinn. One iteration is demonstrably false. The other is equivocal.

8. One iteration says "On August 3, 2023, KNIGHT made false and misleading statements to the FBI, including that HINKLE had not been present at the July 27, 2023 poker

2

game that KNIGHT had organized and that GOGOLACK and Crystal Quinn had attended." [24] p. 23 ¶60.  This statement in the indictment is unequivocally false.

9.   The other iteration says "in that the defendant stated that HOWARD HINKLE, JR. was not at a poker game in Wellsville attended by Crystal Quinn on July 27, 2023, and that he *did not think* HINKLE was at the poker game." [24] p. 35 emphasis added.  While the first half of this iteration is demonstrably false, the second half acknowledges KNIGHT's uncertainty on the matter with "did not think".

10.   In directing the Court to the pertinent parts of the grand jury minutes the government drew the Court's attention only to the second iteration which contains the "did not think" qualification. [583].  The government did this apparently hoping the Court found "did not think" in the Indictment and "did not think" in the grand jury minutes.  No harm, no foul.

11.   This manner of analysis misses the point.  If the grand jury minutes contain the "did not think" qualification it does not end the matter.  If the grand jury was not immediately thereafter told that only minutes later KNIGHT told the agents unequivocally that HINKLE was present at the subject card game, then the grand jury was intentionally misled.[1]  Nor does the "did

---

[1] Agent Chad Archer (03:41):
Who would be some regulars? If you even had regulars? They're kind of almost get their mail there type of people? You know they're going to show up?
Frank Knight (03:52):
You see, it's not... We haven't been doing it that long. I mean we've only been getting back together for the past couple of months on Thursday nights and I get it, as long as I get eight to 10 people, we'll play.  But there are some weeks we don't play, so I can't say there's anybody... Chad Gear is a regular, he was there. He lives over on...
Agent Adam Penna (04:20):
What about Howard? Howie?
Frank Knight (04:22):
Howie? Sometimes. He didn't make it this Thursday I don't think. I don't remember.
Agent Adam Penna (04:26):

3

What's his last name again?
Frank Knight (04:27):
Howie Hinkle.
Agent Adam Penna (04:28):
Hinkle. Howie Hinkle. Okay. So he was there.
Frank Knight (04:32):
No, I don't think he was.
Agent Adam Penna (04:33):
You don't think he was there?
Frank Knight (04:33):
No.
Agent Adam Penna (04:34):
Okay. We heard he might've been there.
Frank Knight (04:36):
He was one of the ones that was supposed to be there and I called him several times.
Agent Adam Penna (04:39):
I got you.
Frank Knight (04:40):
And I might have my nights screwed up.
...
Agent Adam Penna (08:17):
I don't think she was ever much of a poker player.
Frank Knight (08:19):
Yeah. I mean I don't know. She obviously didn't know what she was doing.
Agent Chad Archer (08:23):
$5 to spin the thing, right?
Frank Knight (08:28):
But I mean we try to help anybody that wants to play. But I do remember the very first day she was involved in... You familiar with Texas Hold 'Em?
Agent Adam Penna (08:35):
Yeah.
Frank Knight (08:36):
The flop came out and she flipped her cards over and we're like, "Not yet." So good luck. Again, she didn't last very long. Simon was out fairly early too and they went outside.
...
Agent Adam Penna (10:46):
Do you recall who they were playing with or anyone talking to her or her or talking to anybody?
Frank Knight (10:53):
No, nobody knew her except for Simon.
Agent Adam Penna (10:55):
Okay.
Frank Knight (10:56):

not think" qualification resolve how the jury arrived at the first iteration of the claimed lie which is demonstrably false because it omits the qualifying language demonstrating KNIGHT's uncertainty, or at least claimed uncertainty.

12. This is not semantics. The question is simple, was the grand jury told that KNIGHT "corrected that statement several minutes later". [585] p. 4. If it was not, then the grand jury was intentionally misled, or at least sufficiently arguably misled to result in disclosure of the minutes to defense counsel for review.

13. Furthermore, if the grand jury was not told that KNIGHT had unequivocally told the FBI that HINKLE was at the subject card game then this testimony constitutes *Brady/Giglio* material that is subject to immediate disclosure under the Due Process Protections Act order in this case. [30] ("As part of these obligations, the government must disclose any information that can be used to impeach the trial testimony of a government witness within the meaning of *Giglio*

---

***You know what? Howie was there.***
Agent Adam Penna (10:58):
Okay.
Frank Knight (10:59):
Because she was sitting next to Howie.
Agent Adam Penna (11:01):
Okay.
Frank Knight (11:02):
And he was trying to help her.
...
Agent Adam Penna (11:04):
Trying to teach her like how-
Frank Knight (11:05):
Yeah. Not just flip her cards over before the river and stuff. So now that you say that, I do remember she was sitting next to him.

Transcript of subject August 3, 2023 FBI interview. Emphasis added.

5

*v. United States*, 405 U.S. 150 (1972), and its progeny.")

14. Furthermore, the government has wholly failed to demonstrate why, on balance, the secrecy applicable to grand jury proceedings outweighs KNIGHT's interest in reviewing the subject material before the grand jury.

15. There are five reasons for grand jury secrecy. "(T)he reasons for grand jury secrecy had been summarized correctly in *United States v. Rose*, 215 F.2d 617, 628-629 (CA3 1954): '(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.'" *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 231 note 10 (1979). None of them apply here.

16. Finally, the Magistrate erred in concluding that any iteration of KNIGHT's claimed lie to the FBI could have been material. [585] ("Under §1001, a statement is material if it has a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed . . . or if it is capable of distracting government investigators' attention away from a critical matter." *United States v. Adekanbi*, 675 F.3d 178, 182 (2d Cir. 2012)). Failure, to provide the grand jury testimony hampers defendant's ability to give full support for the dispositive motion that as a matter of law KNIGHT's prompt unequivocal

6

statement that HINKLE was present at the card game was not "capable of distracting government investigators' attention away from a critical matter." In other words, saying at minute 4:40 of the statement transcript that he did not believe HINKLE was there "but I might have my night's screwed up" and then saying at minute 10:56 of the statement transcript that "You know what? Howie was there" (6 minutes 16 seconds later) was, as a matter of law, not a material misstatement. It is likely, that in order to make the materiality argument and address whether the claimed lie was "capable of distracting government investigators' attention away from a critical matter", the defendant would need the testimony on the subject from the grand jury proceedings.

WHEREFORE, it is respectfully requested that the Court order the disclosure of the grand jury minutes that relate in any way to FRANK KNIGHT.

Dated: September 10, 2025
Erie County, New York

BARRY J. DONOHUE, ESQ.
Attorney for plaintiff

By: /s/ Barry J. Donohue
Barry J. Donohue, Esq.
77 Broad Street
Tonawanda, New York 14150
(716) 693-0359
e-mail: barry@donohuelaw.com

To: Joseph Tripi, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
e-mail: joseph.tripi@usdoj.gov

Nicholas Cooper, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5712
e-mail: nicholas.cooper@usdoj.gov

Casey Chalbeck, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
e-mail: casey.chalbeck@usdoj.gov

UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

UNITED STATES,

                    Plaintiff,                <u>SERVICE AFFIRMATION</u>

v.

FRANK KNIGHT,                         Case no.: 23-cr-099

                    Defendant.

      The undersigned certifies that I am attorney for Defendant FRANK KNIGHT in the above matter and am of such age to serve papers.

      On September 10, 2025 I served a copy of the following by electronic service via CM/ECF:

      Objections dated September 10, 2025 of Barry J. Donohue.

      ADDRESSEE:

Joseph Tripi, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5839
e-mail: joseph.tripi@usdoj.gov

Nicholas Cooper, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5712
e-mail: nicholas.cooper@usdoj.gov

Casey Chalbeck, AUSA
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5881
e-mail: casey.chalbeck@usdoj.gov

      On September 10, 2025 I served a copy of the attached by: ( ) First Class United States Mail; ( ) hand delivery; ( ) electronic mail; or, ( ) facsimile:

      ADDRESSEE: none.


Dated:   September 10, 2025                       /s/Barry J. Donohue
                                                                        Barry J. Donohue
                                                                        Attorney for plaintiff
                                                                        77 Broad Street
                                                                        Tonawanda, New York 14150
                                                                        (716) 693-0359
                                                                        Barry@donohuelaw.com